[In Bank — June 7, 1883.]

## THE PEOPLE, RESPONDENT, *v.* MARTIN MITCHELL, APPELLANT.

CRIMINAL LAW — EVIDENCE — PREPONDERANCE — REASONABLE DOUBT. — The truth or falsity of the testimony of a witness, on which depends in part the defendant's guilt, is to be determined by the jury from all ·the circumstances bearing upon the question, and a fact tending to prove the one or the other need not be established beyond a reasonable doubt; a preponderance of evidence is sufficient.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Attorney-General*, for Respondent.

*Reardan & Freer*, for Appellant.

PER CURIAM. — A conviction of perjury. The appeal is from the judgment and from an order denying a motion for a new trial. The perjury was alleged to have been committed on the trial of one Taylor for the crime of *arson*.

The bill of exceptions sets forth that at the trial of this information Taylor, being on the stand as a witness, was shown certain letters which tended, in some degree, to show that the

testimony of the present defendant, at the trial of Taylor on the charge of arson (and which is charged in the information to have been false and perjured) was true; that the witness Taylor denied having written the same. That the present defendant then called an expert, who gave testimony tending to prove that the letters were written by Taylor.

The court charged the jury: "The question whether Taylor is the author of these letters is a question of fact, to be determined by you from the evidence in the case bearing upon that question; and in order to find that Taylor is the author of these letters you must be entirely satisfied, *beyond a reasonable doubt*, from the testimony adduced before you in this case."

Taylor, as a witness, on the trial of the alleged perjury, had also testified that "he had nothing to do and had no connection with setting fire to any barn in connection with defendant herein, or any other person." The false testimony alleged in the information to have been given by the present defendant, was to the effect that he and Taylor and a third person together committed the arson. The bill of exceptions before us recites that the letters referred to tended to show that the defendant here testified truly at the arson trial; they therefore tended to prove that Taylor testified falsely at the trial for perjury, and were material evidence.

The court, therefore, charged, in effect, that a fact material to his defense must be proved by defendant "beyond reasonable doubt."

*Taylor* was not the defendant on trial for perjury. He was a witness, and the truth or falsity of his testimony, upon which depended in part the defendant's guilt of perjury, was to be determined by the jury from all circumstances bearing upon that question. A fact tending to prove that he testified falsely on the trial of this case, and that the present defendant testified truly at the former trial, needed to be proved only by a preponderance of evidence.

Judgment and order reversed, and cause remanded for a new trial.